UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――― X
THE NEW YORK TIMES COMPANY                          :
and CHARLIE SAVAGE,                                 :
                            Plaintiffs,             :
                                                         **COMPLAINT**
                v.                                  :
U.S. DEPARTMENT OF DEFENSE,                         :
                                                    :
                            Defendant.              
―――――――――――――――――――――――――――――――――― X

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE (jointly, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the United States Department of Defense ("DOD") in response to a request properly made by Plaintiffs.

## PARTIES

2. Plaintiff The New York Times Company ("The Times") publishes *The New York Times* newspaper and www.nytimes.com. The company is headquartered in this judicial district at 620 Eighth Avenue, New York, NY 10018.

3. Plaintiff Charlie Savage is a reporter employed by The New York Times Company.

4. Defendant DOD is the agency within the federal government that has possession and control of the records that The Times seeks.

1

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

8. Defendant DOD has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)-(B). Plaintiffs are therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**FACTS**

9. At issue in this action are three policies that raise significant issues related to the use of U.S. force abroad. They are the sorts of policies that deserve to be debated in public so that American citizens are confident that actions taken in the name of the United States are consistent with the nation's values and foreign policy objectives.

10. Yet none of the policies, in their current version, have been publicly disclosed.

11. On July 26, 2022, Mr. Savage submitted a FOIA request to United States Special Operations Command ("USSOCOM"), a component of DOD, seeking the following materials related to USSOCOM's arrangements with other nations' forces (the "USSOCOM Request"):

> • Policy guidance—such as any directives, directive-type memorandums, and instructions—governing use of authority under 10 U.S.C. § 127e, 10 U.S.C. § 333, and Section 1202 of the National Defense Authorization Act for Fiscal Year 2018. These should include but are not limited to "United States Special Operations Command, Dir. 525-19. 1208 Authority – Support of Special Operations to Combat Terrorism 4" and its equivalent for 1202 and 333

- Reports periodically provided to Congress since Jan. 1, 2018 describing use of authority under 10 U.S.C. § 127e, 10 U.S.C. § 333, and Section 1202 of the National Defense Authorization Act for Fiscal Year 2018

- Slide decks from briefings to Congress since Jan. 1, 2018 regarding use of authority under 10 U.S.C. § 127e, 10 U.S.C. § 333, and Section 1202 of the National Defense Authorization Act for Fiscal Year 2018

12. On August 1, 2022, USSOCOM acknowledged receipt of the USSOCOM Request and assigned the request the number USSOCOM FOIA 2022-256.

13. The Times has received no further response to the USSOCOM Request.

14. On October 7, 2022, Mr. Savage filed a dual FOIA request with DOD seeking two documents.

15. The first part of the request sought the administration's policy concerning combatting international terrorism (the "Strategy Request"). The second part of the request sought the presidential policy memo setting rules and procedures for the use of force away from areas of active hostilities (the "Drone Request").

16. The dual FOIA request sought in full: "Copies of two counterterrorism policy documents signed by President Biden and sent to the Defense Department, among other parts of the government, in October 2022: the national security memorandum outlining a strategy for combatting international terrorism, and the presidential policy memo setting rules and procedures for counterterrorism direct action operations away from areas of active hostilities. Both are described in this article: https://www.nytimes.com/2022/10/07/us/politics/drone-strikes-biden-trump.html."

17. On October 11, 2022, DOD responded to the dual request by saying that it would not be able to meet the statutory deadlines for a response set by FOIA. DOD designated the dual request No. 23-F-0025.

18. The Times has received no further response to either the Strategy Request or the Drone Request.

### FIRST CAUSE OF ACTION

19. The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

20. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

21. Defendant has failed for the USSOCOM Request to meet the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A)-(B). Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA.

22. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

23. No exemptions permit the withholding of the documents sought by the request.

24. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to the request.

### SECOND CAUSE OF ACTION

25. The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

26. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

27. Defendant has failed for the Strategy Request to meet the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A)-(B). Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA.

28. Defendant is permitted to withhold the document or parts of the document only if one of FOIA's enumerated exemptions apply.

29. No exemptions permit the withholding of the document sought by the request.

30. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce the document responsive to the request.

### THIRD CAUSE OF ACTION

31. The Times repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

32. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

33. Defendant has failed for the Drone Request to meet the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A)-(B). Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA.

34. Defendant is permitted to withhold the document or parts of the document only if one of FOIA's enumerated exemptions apply.

35. No exemptions permit the withholding of the document sought by the request.

36. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce the document responsive to the request.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

37. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

38. Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

39. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

40. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
December 6, 2022

/s/ David E. McCraw

David E. McCraw
Al-Amyn Sumar
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*