DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
SARAH S. NORMAND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:   (212) 637-2709
Facsimile:   (212) 637-2730
Sarah.Normand@usdoj.gov

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ELIZABETH J. SHAPIRO
U.S. Department of Justice
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Elizabeth.Shapiro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...........................................................................x
THE NEW YORK TIMES COMPANY and
CHARLIE SAVAGE,

        Plaintiffs,

   v.

DEPARTMENT OF DEFENSE,

        Defendant.
...........................................................................x

22 Civ. 10299 (GHW)

**ANSWER**

Defendant the Department of Defense ("DOD"), by its attorneys, answers the complaint upon information and belief as follows:

1. The allegations in paragraph 1 constitute a characterization of this action, the relief requested by Plaintiffs, and Plaintiffs' requests under the Freedom of Information Act ("FOIA"),

1

to which no response is required.

2-3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2-3.

4. Admits that DOD is an agency within in the federal government. The remainder of the allegations in paragraph 4 constitute legal conclusions to which no response is required.

5. The allegations in paragraph 5 constitute legal conclusions as to jurisdiction, to which no response is required.

6. The allegations in paragraph 6 constitute legal conclusions as to venue, to which no response is required.

7. The allegations in paragraph 7 constitute legal conclusions, to which no response is required. Denies that FOIA requires an agency to make a final determination with regard to a FOIA request within any particular time period.

8. Denies the allegations in the first sentence of paragraph 8. The allegations in the second sentence of paragraph 8 constitute legal conclusions, to which no response is required.

9-10. The allegations in paragraphs 9-10 constitute vague and argumentative characterizations of "three policies" that Plaintiffs allege are "at issue" in this action, to which no response is required. To the extent a response is required, DOD avers that it is unclear precisely which "three policies" these paragraphs refer to, and on that basis denies the allegations in paragraphs 9-10.

11. Admits that Plaintiffs submitted a FOIA request to the United States Special Operations Command ("SOCOM") on or about July 26, 2022 (the "SOCOM FOIA request"), and respectfully refers the Court to the SOCOM FOIA request for a true and complete statement

of its contents.

12-13. Admits the allegations in paragraphs 12-13.

14-16. Admits that Plaintiffs submitted a FOIA request to DOD on or about October 7, 2022 (the "DOD FOIA request"), and respectfully refers the Court to the DOD FOIA request for a true and complete statement of its contents.

17. Admits that DOD acknowledged receipt of the DOD FOIA request by letter dated October 11, 2022, and respectfully refers the Court to that letter for a true and complete statement of its contents

18. Admits that DOD has not sent further communications to Plaintiffs regarding the DOD FOIA request.

19. Repeats, realleges, and reincorporates the responses in the foregoing paragraphs as if fully set forth herein.

20. The allegations in paragraph 20 constitute conclusions of law to which no response is required.

21. The allegations in paragraph 21 constitute conclusions of law to which no response is required.  To the extent a response is required, denies that DOD or its component, SOCOM, have violated any statutory deadline.

22. The allegations in paragraph 22 constitute conclusions of law to which no response is required.

23-24. The allegations in paragraphs 23-24 are vague and ambiguous as to which "request" is referred to.  To the extent a response is required, denies the allegations in paragraphs 23-24.

25. Repeats, realleges, and reincorporates the responses in the foregoing paragraphs as if fully set forth herein.

26. The allegations in paragraph 26 constitute conclusions of law to which no response is required.

27. The allegations in paragraph 27 constitute conclusions of law to which no response is required. To the extent a response is required, denies that DOD has violated any statutory deadline.

28. The allegations in paragraph 28 constitute conclusions of law to which no response is required.

29-30. The allegations in paragraphs 29-30 are vague and ambiguous as to which "request" is referred to. To the extent a response is required, denies the allegations in paragraphs 29-30.

31. Repeats, realleges, and reincorporates the responses in the foregoing paragraphs as if fully set forth herein.

32. The allegations in paragraph 32 constitute conclusions of law to which no response is required.

33. The allegations in paragraph 33 constitute conclusions of law to which no response is required. To the extent a response is required, denies that DOD has violated any statutory deadline.

34. The allegations in paragraph 34 constitute conclusions of law to which no response is required.

35-36. The allegations in paragraphs 35-36 are vague and ambiguous as to which

"request" is referred to. To the extent a response is required, denies the allegations in paragraphs 35-36.

37-41. The remainder of the complaint contains a request for relief, to which no response is required. To the extent a response is deemed required, DOD denies the allegations contained in the remainder of the complaint and states that Plaintiffs are not entitled to the requested relief or any relief whatsoever.

DOD denies all allegations in Plaintiffs' complaint not expressly admitted or denied.

## DEFENSES

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all of the responsive records are exempt from disclosure in whole or in part. *See* 5 U.S.C. § 552(b).

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' request for relief that exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

DOD may have additional defenses which are presently unknown but may be ascertained at a later time. DOD reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, Defendant is entitled to judgment dismissing Plaintiffs' complaint with prejudice and granting such further relief as the Court deems just, including costs and

disbursements.

Dated: January 13, 2022

| | |
|---|---|
| BRIAN BOYNTON<br>Principal Deputy Assistant Attorney General | DAMIAN WILLIAMS<br>United States Attorney for<br>Southern District of New York |
| By:    *Elizabeth J. Shapiro*<br>ELIZABETH J. SHAPIRO<br>U.S. Department of Justice<br>Federal Programs Branch<br>P.O. Box 883<br>Washington, D.C. 20044<br>Telephone: (202) 514-5302<br>Facsimile: (202) 616-8470<br>Elizabeth.Shapiro@usdoj.gov | By:    *Sarah S. Normand*<br>SARAH S. NORMAND<br>Assistant U.S. Attorney<br>86 Chambers Street, Third Floor<br>New York, New York 10007<br>Telephone: (212) 637-2709<br>Facsimile: (212) 637-2730<br>Sarah.Normand@usdoj.gov |